(Clark Co., O., Probate Court.)
March, 1892.

DAVID FRANCE BY HIS FRIEND v.
D. O. FRANTZ.

---

*Who is an imbecile or idiot.*

1. A person who has attended school for a number of years and is not able to tell how much ten times twelve is, or six times fifteen, or 6 per cent. of $100.00, or 10 per cent. of $100.00, or how he would invest $400.00, other than he would put it in bank, although in some small dealings is close and careful, and stingy, is not capable of taking care of his own property.

*Removal of guardian.*

2. A guardian will not be removed merely because his ward has taken a dislike to him and will have no dealings with him.

---

ROCKEL, J.

In 1871 a guardian was appointed by the probate court of Clark Co. for David Frantz, on the ground of imbecility. This guardian resigned in 1876, and another was appointed, who, in time, resigned in 1881, when D. O. Frantz was appointed, who is still acting in that capacity. On Dec. 23rd, 1890, David Frantz, by his next friend filed a motion for the discharge and removal of said D. O. Frantz, his guardian, alleging the following reasons:

1. Said David Frantz is thoroughly competent to attend to his own affairs, and is no longer incapable to do so, if he ever was.

2. The order appointing said guardianship should not have been made.

3. Said D. O. Frantz has been guilty of negligent, careless conduct which consisted in inattention to the wants of his ward's interest.

4. It is to the interest of said ward and his estate that said Frantz be removed.

By the motion, two distinct questions are made: One that the guardian should be removed because the ward is sane and capable, and no reason for guardianship exists; The other that the guardian should be removed because he has been negligent in the performance of his trust.

As to the first, it is sufficient to say, that unless the former findings of this court of the imbecility of the ward are shown to have been illegally made, the presumption will be conclusive, that at that time the ward was an imbicile, and the burden of establishing the capability of the plaintiff will rest upon him; and before the guardianship will be determined, the court must be satisfied that the ward is mentally stronger and better able to manage his affairs than he was at the time of the former findings. A person who has attended school for a number of years, and is not able to tell how much ten times twelve is, or six times 15, or 6 per cent. of $100.00 or 10 per cent. of $100.00, or how he would invest $400.00 other than he would put it in bank, although in some small dealings, he is close and careful, and is generally regarded as stingy, is not capable of taking care of his own property, consisting of $400.00 and 20 acres of land, and the guardianship should not be terminated.

The next question that presents itself is, ought the guardian to be removed?

The evidence shows, in this case, that during the ten years of the management of his trust, the same was doubled in value; that the guardian is a man of standing and good moral and business character; but for some reason the ward has taken a violent dislike to the guardian, and for a number of years has absolutely refused to speak to him, or accept any thing from him.

That this dislike is shared by some members of his family, while others, it is but proper to say, are friendly, and in favor of the present guardian retaining the trust. The ward has lived with his parents most of the time and for the chores he would do was boarded and clothed.

The guardian frequently offered to buy the ward's clothes, which was refused by the ward, he always insisting that he should have the money to buy his own clothes.

It was not shown that at any time the ward suffered either cold or hunger.

It seems to us that no sufficient cause has been shown for the removal of this guardian. When this guardian received his appointment it may be fairly presumed that the court was properly satisfied that he would rightly perform the duties devolving upon him in discharging the trust. This court has a right to presume, in the absence of anything to the contrary, that he has rightly performed that duty.

If the court believes that he has rightly endeavored and reasonably well succeeded in managing the trust, it will be slow to remove him. "Mere whim, or caprice, or choice, either in the ward, or in his friends, will not be a ground for removal. The objection must rest on substantial grounds of unfitness in the guardian". 3 Redf. on Wills, 458.

A substantial reason must be shown, one

that will clearly convince the court that the interests of the ward cannot be preserved in a proper manner. but by the removal.

Appointments are not made for the purpose of furnishing subjects for removals. A guardian will not be asked, or expected to do impossible things. An honest effort, with good intention and good business conduct, are all that will or can be exacted.

The testimony also shows that it was the wish of the father, during his lifetime, that D. O. Frantz should retain the guardianship of his son David.

The declared wishes of a deceased parent, are entitled to much weight in the selection or retention of a guardian for his child. This wish of a dying parent should have a preponderating influence in the selection, other things being equal. Underhill v. Dennis, 9 Paige (N. Y.) 202; Bennet v. Byrne, 2 Bart. 216; Cozine v. Horn 1, Brad. (N. Y.) 143.

Whether rightly or not, this proceeding was largely commenced at the desire of the ward, although, perhaps too much instigated by the next friend; and the costs will therefore be divided, one-half to be paid by the guardian out of the fund belonging to the ward, and one-half by the next friend, and the motion overruled.

Pringle & Johnson, for ward and next friend.

Cochran & Rodgers, for guardian.